992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Steven KALAKAY, Plaintiff-Appellant,
v.
Hon. Stewart NEWBLATT, Defendant-Appellee.
 No. 91-56167.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Kalakay appeals pro se the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of his action for money damages against United States District Judge Stewart Newblatt. Kalakay contends that his constitutional rights were violated when Judge Newblatt dismissed his action for failure to state a claim, and denied his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Woodrum v. Woodard County, Okl., 866 F.2d 1121, 1124 (9th Cir.1989), and affirm.
 
 
 3
 Generally, a dismissal under Rule 12(b)(6) should not be affirmed unless it is clear that the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). However, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 4
 Judges are absolutely immune from civil liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotation omitted); accord Mullis v. United States Bankruptcy Court, Dist. of Nev., 828 F.2d 1385, 1388 (9th Cir.1987) (doctrine of absolute judicial immunity applied in Bivens action), cert. denied, 486 U.S. 1040 (1988). An act is judicial when it is a function normally performed by a judge, and the parties dealt with the judge in his judicial capacity. Stump, 435 U.S. at 362. Judges are subject to civil liability for damages only when they act in the clear absence of all jurisdiction. Id. at 356-57; Mullis, 828 F.2d at 1388.
 
 
 5
 Here, Kalakay challenges actions taken by Judge Newblatt within his judicial capacity while he was presiding over Kalakay's action against county officials. Because the judge had authority to hear Kalakay's action, the district court properly determined that the judge was absolutely immune from civil liability for damages. See Stump, 435 U.S. at 356-57.
 
 
 6
 Moreover, because it is clear that Kalakay could not cure his complaint by amendment, the district court did not err by denying Kalakay's motion to amend his complaint. See Kelson, 767 F.2d at 653. Accordingly, the district court did not err by dismissing Kalakay's action.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3